UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
_____

In re:

    250 Pixley Road, LLC,

        Debtor.

Bankruptcy Case No. 17-20125-PRW
Chapter 11

_____

## DECISION AND ORDER
## GRANTING THE U.S TRUSTEE
## MOTION TO DISMISS SMALL BUSINESS CASE,
## FOR CAUSE, UNDER 11 U.S.C. § 1112(b)

PAUL R. WARREN, United States Bankruptcy Judge

    This case demonstrates that debtors in Chapter 11 small business cases should not take lightly the statutory constraints imposed on them by the Code. Congress included time constraints in 11 U.S.C. §§ 1121(e) and 1129(e), and also imposed procedural requirements to be followed by debtors seeking to extend those time constraints in 11 U.S.C. § 1121(e)(3)(A)-(C). Viewing those statutory requirements as "more of a guideline than a rule" may work well in the movies, but it does not work in a small business Chapter 11 case.[1]

    The Debtor filed a Chapter 11 petition on February 13, 2017, designating itself as a small business Debtor. (ECF No. 1). Under 11 U.S.C. §§ 1121(e) and 1129(e), the Debtor was required to file a plan and disclosure statement within 300 days of filing a petition and to obtain confirmation of the plan within 45 days of filing the plan. The Debtor filed a Disclosure Statement and Plan on December 7, 2017—beginning the 45-day clock. (ECF Nos. 40, 41). On January 16, 2018, the Court extended the time for confirmation of the Plan—on the Debtor's timely motion—to February 27, 2018. (ECF Nos. 56, 60). The Debtor then filed a First Amended Disclosure Statement and First Amended

---

[1] "I make it a rule never to get involved with possessed people. Actually, it's more of a guideline than a rule." Dr. Peter Venkman (portrayed by Bill Murray), *Ghostbusters*, Dir. Ivan Reitman, Columbia Pictures (1984).

Plan. (ECF Nos. 67, 68). The Debtor failed to seek any further extension of time in the manner specified by 11 U.S.C. § 1121(e)(3)(A)-(C), and the time to obtain confirmation of the small business plan expired. The Court denied approval of the First Amended Disclosure Statement and denied confirmation of the First Amended Plan on February 27, 2018. (ECF No. 81).

The UST then filed a motion to convert or dismiss this Chapter 11 small business case, under 11 U.S.C. § 1112(b)(1) and § 1112(b)(4)(A), (B), (E), (F), (I), and (J), based on the Debtor's failure to obtain confirmation within the time provided by the Code, the failure to timely file operating reports, and the failure to timely pay post-petition mortgage and tax payments. (ECF No. 84 ¶¶ 9-12). Under 11 U.S.C. § 1112(b)(1), if any of the factors constituting "cause" under § 1112(b)(4) are found, the Court "*shall* convert . . . or dismiss" the case. 11 U.S.C. § 1112(b)(1) (emphasis added). At the March 16, 2018 hearing on the UST's motion, the Court found that "cause" exists to dismiss this case, under 11 U.S.C. § 1112(b)(4)(J)—because the Debtor failed to confirm the small business plan within the time fixed by 11 U.S.C. §§ 1121(e) and 1129(e) or to confirm the plan within the time fixed by the Court's order extending the time to confirm the plan through February 27, 2018. In addition, cause to dismiss was found under 11 U.S.C. § 1112(b)(4)(F) because of the Debtor's consistent failure to timely file operating reports. Given the resounding examples of cause for dismissal in this case under both 11 U.S.C. § 1112(b)(4)(J) and (b)(4)(F), the Court need not reach the other grounds for cause advanced by the UST in the motion to convert or dismiss. It is enough to acknowledge that the other grounds alleged by the UST are well taken.

The Debtor argued that "unusual circumstances" exist such that dismissal was not warranted, pointing to 11 U.S.C. § 1112(b)(2)(B). But, the Debtor failed to meet (or even acknowledge) its burden to demonstrate the existence of unusual circumstances, under the constraints imposed by 11 U.S.C. § 1112(b)(2)(A). Section 1112(b)(2)(A) requires that the Debtor show there is a reasonable likelihood that a plan will be confirmed *within the timeframes established by 11 U.S.C. §§ 1121(e) and 1129(e)*. Here, the deadline to confirm a plan expired on February 27, 2018. There is no longer any possibility

that a plan could be confirmed within the timeframes established by 11U.S.C. §§ 1121(e) and 1129(e)—those deadlines have passed. Because there is only one unsecured creditor in this case (with a claim of $968), dismissal—rather than conversion—is in the best interest of creditors and the estate. For the reasons stated on the record, the transcript of which constitutes the Court's findings of fact and conclusions of law to the extent required by Rule 7058 FRBP, the UST's motion to dismiss is **GRANTED**, under 11 U.S.C. § 1112(b)(1), for cause under 11 U.S.C. § 1112(b)(4)(J) and (b)(4)(F). The case is **DISMISSED**.[2]

    **IT IS SO ORDERED.**

DATED: March 16, 2018              _____/s/_____
       Rochester, New York           HON. PAUL R. WARREN
                                                 United States Bankruptcy Judge

---

[2] The demise of this small business chapter 11 case led the Court to adopt a case management order for small business chapter 11 cases filed in the Rochester Division, that will be used in future cases. The purpose of the case management order is to ensure that debtors and counsel are reminded (on day one) of the time constraints under which they operate. *See, e.g.*, Case No. 18-20104-PRW (ECF No. 21).